IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOSEPH A. JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:24-cv-008-Z-BR |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**TO DENY PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Joseph A. Johnson filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Having considered the petition, the response, the record and applicable authorities, the Court concludes that Johnson's habeas application should be DENIED for the reasons set forth below.

**I. FACTUAL BACKGROUND**

On November 10, 2016, Johnson was indicted on eleven counts of sexual assault of a child, enhanced by a prior conviction, in Cause No. 6209 in the 100th District Court of Carson County, Texas. (ECF 8-1 at 9-10).[1] All charges but two eventually were dismissed. (ECF 8-1 at 103; ECF 8-3 at 16). Pursuant to a plea agreement and represented by appointed counsel, Johnson pleaded guilty to two counts of sexual assault of a child, a second-degree felony. (ECF 8-1 at 83, 99-102, 104, 166, 168; ECF 8-3); *Johnson v. State*, No. 07-20-00053-CR, 2021 WL 6052776 (Tex. App.—Amarillo, Dec. 21, 2021, pet. ref'd). (ECF 8-9). Johnson also pleaded true to an enhancement based on a prior felony conviction out of Florida for burglary of a dwelling. (ECF 8-1 at 83, 99-102, 104, 166, 168; ECF 8-3).

---

[1] Page citations to the record refer to the electronic page number assigned by the Court's electronic filing system.

On February 8, 2019, the trial court entered an Order of Deferred Adjudication, sentencing Johnson to eight years of community supervision on each count. (*Id*. at 83-84, 104-05). Consistent with the appeal waiver in his plea agreement, Johnson did not appeal the deferred adjudication order. (*Id*. at 98, 100, 118, 165, 167; ECF 8-9 at 2-4); *see also Johnson*, 2021 WL at *1-2.

On October 18, 2019, and November 8, 2019, the State filed motions and first amended motions to adjudicate Johnson's guilt on both counts, based on alleged violations of his community supervision conditions. (ECF 8-1 at 173-83, 188-92). Johnson pleaded not true to each alleged violation. (*Id*. at 206, 208). After an evidentiary hearing, the trial court found that Johnson had violated six conditions of his community supervision as to each count. (ECF 8-5 at 122-24). On January 10, 2020, the trial court entered a judgment adjudicating guilt on both counts of sexual assault of a child and assessed punishment at two 75-year sentences, to run consecutively. (ECF 8-1 at 206-09).

Johnson timely filed a (1) motion for new trial and motion in arrest of judgment, and (2) notice of appeal. (ECF 8-1 at 219-23, 229-33). On December 21, 2021, the Court of Appeals for the Seventh Judicial District of Texas overruled Johnson's points of error alleging the trial court's abuse of discretion in finding that he violated his conditions of community supervision, but reformed the judgment to accurately reflect that his conviction was not for two first-degree felonies but for two second-degree felonies enhanced to the first-degree punishment range due to the prior Florida conviction. *See Johnson*, 2021 WL 6052776 at *4. (ECF 8-9).

Johnson filed an out-of-time motion to extend his deadline to file a petition for discretionary review ("PDR") on February 7, 2022. (ECF 8-13). Apparently without waiting for leave of court, he filed his PDR on February 24, 2022. (ECF 8-12). Nevertheless, on March 4, 2022, the Texas Court of Criminal Appeals ("TCCA") granted the motion to extend. (ECF 13-1). Johnson's PDR was refused by the TCCA on March 30, 2022. (ECF 8-12; ECF 13-2). Johnson did

not file a petition for writ of certiorari with the U.S. Supreme Court.

On March 16, 2023, Johnson filed a state application for writ of habeas corpus, which the TCCA dismissed on April 12, 2023, due to noncompliance with Texas Rule of Appellate Procedure 73.1. (ECF 8-16 at 1-32, ECF 8-18). Johnson filed a motion to reinstate his state habeas application on May 1, 2023, which the TCCA construed as a motion for reconsideration/rehearing and denied on May 5, 2023. (ECF 8-19; 8-20 at 1; ECF 13-3). Not knowing that his motion to reinstate already had been denied, Johnson filed a motion for expedited consideration on September 1, 2023, which the TCCA dismissed on September 6, 2023. (ECF 8-21; ECF 8-22 at 1; ECF 8-24 at 1; ECF 13-4). He first discovered that his motion to reinstate had been denied after his mother called the TCCA on November 6, 2023. (ECF 3 at 25; ECF 16 at 5-6). On November 13, 2023, Johnson filed a motion asking the TCCA to issue a denial postcard for the then-present date, which the TCCA dismissed on November 15, 2023. (ECF 8-24; ECF 8-25 at 1; ECF 13-6).

On January 1, 2024, Johnson filed his federal petition in this Court. On June 7, 2024, Respondent filed an Answer, alleging that Johnson's claims are unexhausted and barred by the statute of limitations. (ECF 14). On July 9, 2024, Johnson filed a Reply to the Answer, disputing Respondent's claims. (ECF 16).

## II. JOHNSON'S ALLEGATIONS

Johnson asserts the following grounds for relief (grouped and re-ordered for clarity into chronological order based on the state-court proceedings):

1. Actual Innocence (Ground One);

2. Ineffective assistance of trial counsel at his guilty plea hearing (Ground Two) because trial counsel:

    a. Failed to conduct legal research;

    b. Failed to file a pre-trial motion to quash defective indictment;

        c.      Failed to conduct an adequate pre-trial investigation and obtain mental health and institutional records (Ground Four); and

        d.      Failed to advise Johnson regarding *Brady* material—that DNA evidence did not exist as Johnson was told it did, which induced his guilty plea (Ground Five);

        e.      Failed to advise him of the consequences of pleading "true" to the enhancement conviction out of Florida;

3. His sentence was enhanced with a previous conviction alleged to be invalid or unconstitutional (Ground Seven);

4. Denial of a jury trial in his deferred adjudication revocation hearing (Ground Three); and

5. Ineffective assistance of counsel at the revocation proceedings when counsel (Ground Six):

        a.      Failed to object to a state witness;

        b.      Failed to impeach a state witness;

        c.      Never advised Johnson that the punishments for count one and two would run consecutively;

        d.      Failed to negotiate a plea deal with the state;

        e.      Failed to call five witnesses that could have proven he was not guilty of the violations of his probation; and

        f.      Failed to object to the State not presenting witnesses to prove violation of a term of his deferred adjudication requirements.

(ECF 3). The Court's references herein as to the various grounds for relief alleged by Johnson shall refer to the numbers in Johnson's petition.

### III. STANDARD OF REVIEW

Title 28 U.S.C. § 2254 authorizes a federal court to entertain a petition for a writ of habeas corpus by a person in custody pursuant to a state court judgment if the prisoner is in custody in

violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). However, a court may not grant relief on any claim that was adjudicated on the merits in the state court proceeding unless the petitioner shows that the prior adjudication:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id*.

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. When reviewing state proceedings, "federal courts do not sit as courts of appeal and error for state court convictions." *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). Instead, a person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law unless a federal issue also is present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). To obtain a writ of habeas corpus from a federal court, a state prisoner must show that the state court's ruling was so lacking in justification that there was an error well understood in existing law beyond any possibility for fair-minded disagreement. *Harrison v. Richter*, 562 U.S. 86, 102-03 (2011). The petitioner must show that there was no

reasonable basis for the state court to deny relief. *Id*. at 98.

## IV. LEGAL ANALYSIS

Respondent alleges that Johnson has not presented his habeas claims to the highest available state court for review, so his claims are unexhausted and subject to dismissal on this basis. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). "[N]otwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State," however, a habeas petition may be "denied on the merits." 28 U.S.C. § 2254(b)(2); *see also Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998) (reaffirming pre-AEDPA law that "when, as in this case, exhaustion is not waived, courts have the 'discretion in each case [under § 2254(b)(2)] to decide whether the administration of justice would be better served by insisting on exhausting or by reaching the merits of the petition forthwith'."). The phrase "on the merits" in the context of Section 2254(b)(2) includes a decision under the statute of limitations. *See Beane v. Quarterman*, No. 3:09-CV-0940-O, 2009 WL 2252060, at *3 n.2 (N.D. Tex. July 27, 2009) (court may deny habeas petition on the merits as barred by the statute of limitations despite a lack of exhaustion); *see also Scott v. Johnson*, 227 F.3d 260, 262-63 (5th Cir. 2000) (applying the statute of limitations *sua sponte* to dismiss habeas petition with prejudice where the district court dismissed without prejudice for failure to exhaust); *Anthony v. Quarterman*, No. 3:04-CV-2019-P, 2007 WL 2059729, at *2 (N.D. Tex. July 16, 2007) (court may deny habeas petition on the merits as time-barred despite the failure to exhaust). In this case, the administration of justice would be better served by bypassing the exhaustion issue and reaching the merits of the claims.

**A.      The AEDPA Statute of Limitations.**

Title 28 U.S.C § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners:

>    (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The limitations period shall run from the date on which the judgment became final unless one of the circumstances set forth in 28 U.S.C § 2244(d)(1)(B), (C), or (D) clearly applies. In the case of deferred adjudication, two limitations periods apply: one for claims relating to the order of deferred adjudication and the other for claims relating to the adjudication of guilt. *Tharpe v. Thaler*, 628 F.3d 719, 723-25 (5th Cir. 2010); *see also Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005) (a state court order of deferred adjudication is a final judgment that triggers the federal habeas limitations period under Section 2244(d)(1)(A)).

**B.    Johnson's Claims Challenging His Deferred Adjudication Proceeding are Barred by the Statute of Limitations.**

Grounds for relief One, Two, Four, Five and Seven arise from Johnson's 2019 deferred adjudication proceedings. Respondent argues that these claims are barred by the statute of limitations. Because these grounds for relief relate only to the February 8, 2019, Order of Deferred Adjudication, the limitations period for these claims began on the date this order became final. Since Johnson did not appeal the order, it became final on March 11, 2019, which is 30 days after

it was issued.[2] *See* Tex. R. App. Pro. 26.2(a); *Caldwell*, 429 F.3d at 528-29 (state order of deferred adjudication is a final judgment that triggers the federal habeas limitations period under Section 2244(d)(1)(A)). Consequently, the one-year period for Johnson to timely file a federal habeas petition based on his deferred adjudication proceeding expired on March 11, 2020.[3]

The Court next considers whether statutory tolling applies to Johnson's claims. State habeas applications filed after expiration of the one-year limitations period do not statutorily toll the limitations period. *See* 28 U.S.C. § 2244(d)(2). Because Johnson filed his article 11.07 habeas application on March 16, 2023 (three years after the one-year period expired), he is not entitled to statutory tolling on his claims challenging his deferred adjudication order. *See Scott*, 227 F.3d at 263. (ECF 8-16 at 19).

C.  **Johnson's Claims Challenging His Guilt Adjudication Proceeding are Barred by the Statute of Limitations.**

In Grounds Three and Six, Johnson challenges his judgments adjudicating guilt. Respondent argues that these claims also are barred by the statute of limitations. Johnson's January 10, 2020, judgments adjudicating guilt became final on June 28, 2022, which is 90 days after the Texas Court of Criminal Appeals refused his PDR. (ECF 8-12). *See Catchings v. Fisher*, 815 F.3d 207, 210 (5th Cir. 2016); *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008); *see also* Sup. Ct. R. 13. Accordingly, Johnson's one-year limitations period expired on June 28, 2023.

The question becomes whether Johnson is entitled to statutory tolling due to the state habeas petition that he filed on March 16, 2023. (ECF 8-16 at 19). Johnson's state habeas petition

---

[2]Because the actual 30-day deadline falls on Sunday, March 10, 2019, the deadline rolls to the next business day, which was Monday, March 11, 2019. *See* Fed. R. Civ. Pro. 6(a)(1)(C).

[3]Johnson does not allege a state-created impediment that prevented timely filing of his claims, nor does he base his claims on any new constitutional right. Further, the facts supporting his claims became or could have become known prior to the date the deferred adjudication order became final. Therefore, Section 2244(d)(1)(B)-(D) does not change the accrual date for his claims.

was dismissed on April 12, 2023, for non-compliance with Tex. R. App. Pro. 73.1. (ECF 8-18). Because the state petition was not properly filed, it did not operate to toll his limitations period. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999) ("A 'properly filed application' for § 2244(d)(2) purposes is one that conforms with a state's applicable procedural filing requirements."). As a result, Johnson's deadline was not tolled by the state habeas filing and limitations expired on June 28, 2023. Johnson did not file any other state habeas application that would operate to toll his limitations period.

Johnson filed a motion to reinstate his non-compliant application, which the TCCA docketed and treated as a motion for reconsideration. (ECF 8-19; ECF 13-7). Even assuming that the motion to reinstate would toll limitations, such tolling would not render Johnson's federal petition timely. The motion to reinstate was pending for five days, which would extend the AEDPA limitations period to only July 3, 2023. Johnson's federal petition was not filed until January 1, 2024, which is six months after limitations expired. Consequently, Johnson's claims challenging his adjudication of guilt and judgments of conviction are untimely.

**D.     Equitable Tolling.**

As shown above, Johnson's claims are barred unless equitable tolling applies to extend his limitations periods. A party seeking an extension of the statute of limitations on equitable grounds has the burden of showing entitlement to such tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations omitted). A petitioner must pursue the habeas process with "diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). The

burden of proof rests with the petitioner, who must meet both prongs of the equitable tolling test. *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013).

        1.        **Actual Innocence.**

A showing of "actual innocence" can overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The actual innocence gateway, however, is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.'" (quoting *Schlup*, 513 U.S. at 324, 327)). As the U.S. Supreme Court explained,

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.

*Schlup*, 513 U.S. at 324 (internal citation omitted).

        Johnson voluntarily and knowingly pleaded guilty to both offenses of conviction and

signed judicial confessions. (ECF 8-3). The Fifth Circuit has not addressed whether a guilty plea precludes a petitioner from arguing actual innocence to extend a time period under *McQuiggin*; however, a number of courts in this district have determined a guilty plea likely forecloses *McQuiggin* as a gateway to overcome limitations. *See, e.g., Craddock v. Lumpkin*, No. 4:22-CV-519-P, 2023 WL 2429497 (N.D. Tex. Mar. 9, 2023) (collecting cases). Respondent contends that the actual innocence gateway outlined in *McQuiggin* is not available to Johnson because of his voluntary guilty pleas. Assuming, without deciding, that *McQuiggin* applies, however, Johnson has provided no new reliable evidence of actual innocence.

In support of his claim, Johnson provides a document that purports to be an affidavit from the victim dated October 24, 2021, stating that:

> I'm 21, now, but at the time of Joseph's arrest, I had just turned 16. I assure you, he had no notion of the fact that I was a minor. I had run away from my mom, and met Joe. The sex was con[s]ensual. He didn't rape me. … My mom coerced me to lie and say Joe "put a gun to my head, pinned me down, and raped me." I lied to the judge, prosecutors and before a jury. I want Joe to be exonerated. He is innocent. I am writ[]ing this statement of my own will. I take full responsibil[]ity for telling the truth about a man who has been incarcerated, with a (total) 150[-]year sentence for a charge he didn't commit, for a "vict[i]m" who is not really a vict[i]m.

(ECF 3-1 at 10). The document is not a sworn statement, nor does it meet the requirements for an unsworn declaration under 28 U.S.C. § 1746. However, assuming for the purposes of Johnson's petition that the document is a sworn statement that constitutes admissible evidence, it does not provide evidence of actual innocence.

Johnson pleaded guilty to two violations of Texas Penal Code § 22.011, which provided at the relevant time that a person commits the offense if the person, "intentionally or knowingly" performs a sexual act involving a child. In addition, "child" is defined as "a person younger than 17 years of age." *See* Tex. Pen. Code §§ 22.011(a)(2)(A) (defining sexual assault of a child), (c)(1)(defining a "child" as a person younger than 17 years of age). (Vernon's Tex. Stat. Ann.,

effective Sept. 1, 2009, to Aug. 31, 2017). However, Texas courts uniformly hold that the defendant's mistake of fact regarding the victim's age is no defense to charges of sexual assault of a child. *See, e.g., Jackson v. State*, 889 S.W.2d 615 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd) ("The State has long denied the defense of ignorance or mistake in relation to sexual offenses involving children"). Therefore, Johnson's lack of knowledge as to the victim's true age is irrelevant to the charges brought against him.

The victim admits in the document to being younger than 17 years of age at the time of her sexual encounter with Johnson. Accordingly, the purported new evidence supports Johnson's guilty plea rather than his claim of actual innocence. Johnson has not demonstrated that it is more likely than not that, in light of the new document, no reasonable juror would have convicted Johnson of sexual assault of a child. *See Schlup*, 513 U.S. at 329. As a result, Johnson's claim of actual innocence does not overcome the AEDPA statute of limitations. The Court next addresses whether other grounds for equitable tolling are applicable to Johnson's claims.

### 2.     Other Tolling Issues as to Deferred Adjudication Proceedings.

As noted above, federal law is clear that an order of deferred adjudication is a final judgment for limitations purposes. *See Caldwell*, 429 F.3d at 530 ("Because an order of deferred adjudication community supervision is a final judgment within the plain meaning of AEDPA section 2244, the one-year statute of limitations, for challenging substantive issues of the orders of deferred adjudication, began to run when the order deferring adjudication became final."). Johnson's Order of Deferred Adjudication was entered on February 8, 2019. (ECF 1 at 83-84). His state habeas petition was filed on March 16, 2023. (ECF 8-16). Johnson argues that he could not have filed his state habeas petition earlier because he was not "in custody" until he was adjudicated guilty and imprisoned in 2020. (ECF 16 at 4). This is incorrect. A prisoner need not be physically confined before he can file a habeas corpus petition. *See Maleng v. Cook*, 490 U.S. 488 (1989).

("Our interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus."); *Cady v. Thaler*, No. V-13-014, 2013 WL 1870058 (S.D. Tex. Apr. 18, 2013) ("As the Fifth Circuit has explained, usually, 'custody' signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty resulting from a criminal conviction."), *quoting Pack v. Yusuff*, 218 F.3d 448, 454 n. 5 (5th Cir. 2000). Therefore, Johnson was not foreclosed from filing a state habeas petition simply because he was not incarcerated, and equitable tolling does not revive his claims that are based on his deferred adjudication proceedings.[4] Johnson has provided no evidence that he either diligently pursued his rights to appeal the deferred adjudication order or that an extraordinary circumstance prevented him from timely filing his petition. *See Lawrence*, 549 U.S. at 336. Accordingly, these claims (Grounds One, Two, Four, Five and Seven) should be dismissed with prejudice as barred by the statute of limitations.

### 3. Other Tolling Issues as to Adjudication of Guilt Proceedings.

Johnson next claims that equitable tolling applies to his claims based upon the Judgment Adjudicating Guilt, which was entered on January 10, 2020 (Grounds Three and Six). (ECF 8-1 at 173-83). As noted above, Johnson's deadline to file a federal habeas action for claims arising from the adjudication of guilt proceedings was June 28, 2023. A properly filed state habeas petition would have tolled limitations; however, as shown above, his state petition was dismissed as nonconforming with state procedural rules on April 12, 2023. (ECF 8-18). As a result, his state habeas petition did not toll limitations and, consequently, his deadline to file his federal habeas

---

[4] Johnson's misunderstanding of applicable law also does not provide a valid basis for equitable tolling. *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992) (holding neither prisoner's *pro se* status nor ignorance of the law constitutes "cause" for failing to include a legal claim in his prior petition); *see also Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998) (petitioner's failure to discover the significance of the operative facts does not constitute cause).

petition remained June 28, 2023.

First, to be entitled to equitable tolling, the petitioner must demonstrate "reasonable diligence [in pursuing his rights], not maximum feasible diligence." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland v. Florida*, 560 U.S. 631, 653 (2010)). There is no temporal cut-off for diligence, but "'delays of the petitioner's own making do not qualify' for equitable tolling." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013). Johnson alleges that he did not receive notice that the TCCA denied his Motion to Reinstate his state habeas petition until November 6, 2023, when his mother called the court and was told the ruling had been issued on May 5, 2023. (ECF 16 at 5-6). As a result, Johnson argues, the statute of limitations should be tolled until the date he discovered that the ruling had been issued.

Even assuming that a petitioner's lack of knowledge of a TCCA ruling on a habeas petition would toll limitations, such tolling does not apply here. Johnson does not dispute that he knew the TCCA had dismissed his state petition (as evidenced by the motion to reinstate that he filed on May 1, 2023). Further, Johnson already had waited nearly nine months after his conviction became final to file his state habeas petition, at a time when there only remained approximately three months of the section 2244(d)(1) one-year limitations period. This unexplained delay does not show reasonable diligence. One component of the obligation to diligently pursue their rights is to not squander the one-year grace period. *Johnson v. Quarterman*, 483 F.3d 278, 278-88 (5th Cir. 2007); *see, e.g.*, *Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (finding that petitioner's state habeas application was filed when only five months of the one-year limitation period remained to be among the indicia of petitioner's lack of diligence). While Johnson arguably showed evidence of diligent attempts to reinstate his state petition and expedite a ruling on his motion to reinstate, such efforts occurred after the deadline to file his federal habeas petition already had passed. Throughout the entirety of these efforts, he knew that he had no state habeas

petition pending and, as a result, knew or should have known that the federal habeas limitations period was not tolled.

The Fifth Circuit Court of Appeals consistently has held that "state prisoners who were aware that their state post-conviction proceedings were no longer pending and waited to file federal habeas petitions between four and six months after the AEDPA limitation period began to run did not exercise reasonable diligence." *Palacios v. Stevens*, 723 F.3d 600, 606 (5th Cir. 2013); *see also Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (petitioner had not shown reasonable diligence because he "waited more than four months to file his federal habeas petition"); *Koumjian v. Thaler*, 484 F. App'x 966, 969-70 (5th Cir. 2012) (per curiam) (petitioner had not shown reasonable diligence because his delay in filing "exceed[ed] four and a half months"). Johnson has not shown that he exercised "reasonable diligence" in attempting to file a timely Section 2254 petition.

In addition, Johnson does not show that "extraordinary circumstances" prevented him from filing his federal habeas petition. The extraordinary circumstances prong, as the term "extraordinary" suggests, will only rarely be met. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). The record shows that the TCCA sent notice to Johnson that his PDR was denied. (ECF 13-2). Even if Johnson did not receive the notice, as he contends, he provides no evidence that he was "prevented" from filing his Section 2254 petition by the government, or by anyone else. Even with the benefit of liberal construction, Johnson has provided no reasonable justification to this Court for the application of equitable tolling, and a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance that would warrant equitable tolling of the limitations period. *United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008). Further, although Johnson asserts that his trial counsel rendered ineffective assistance during the adjudication of guilt proceedings, he does

not allege that his attorney caused him to miss the limitations period. *Vineyard v. Dretke*, 125 F. App'x 551, 553 (5th Cir. 2005) (per curiam) (equitable tolling applicable when an attorney affirmatively misinforms his client and causes him to miss the limitations period). Johnson has provided no valid basis for equitable tolling of his claims based upon his adjudication of guilt proceedings; these claims (Grounds Three and Six) should be dismissed with prejudice as barred by the AEDPA statute of limitations.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a proceeding under Section 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district court rejected constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is recommended that reasonable jurists could not debate the denial of Johnson's Section 2254 motion on substantive or procedural grounds, nor find that the issues presented are adequate to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (*citing Slack*, 529 U.S. at 484). Accordingly, it is recommended that the Court find that Johnson is not entitled to a certificate of appealability.

## VI. RECOMMENDATION

For the reasons stated above, the United States Magistrate Judge recommends that the petition for a writ of habeas corpus filed by petitioner Joseph A. Johnson be DENIED and that a Certificate of Appealability be DENIED.

## VII. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 22, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).