IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JOSEPH A. JOHNSON,

 Petitioner,

v.              2:24-CV-008-Z-BR

DIRECTOR, TDCJ-CID,

 Respondent.

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge to deny the Petition for a Writ of Habeas Corpus filed by Petitioner (ECF No. 3). ECF No. 17. Objections to the FCR have been filed. ECF No. 18.

After making an independent review of the pleadings, files, records, and objections in this case, the District Judge **OVERRULES** Petitioner's Objections (ECF No. 18) and concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 17) is **ADOPTED** and the Petition for a Writ of Habeas Corpus is **DISMISSED with prejudice**.

**LEGAL STANDARD**

A party may serve and file objections to a non-dispositive magistrate judge's order "within 14 days after being served with a copy." FED. R. CIV. P. 72(a). For these timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the 14-day period, the Court reviews the Magistrate Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

## ANALYSIS

Petitioner makes four specific objections.[1] ECF No. 18. First, Petitioner argues that grounds for relief One, Two, Four, Five and Seven are not barred by the statute of limitations period. *Id.* at 2. Specifically, Petitioner states that *Caldwell v. Dretke*, 429 F.3d 521 (5th Cir. 2005) "may no longer be good law" based on the Supreme Court's ruling in *Burton v. Stewart*, 549 U.S. 147 (2006). *Id.* at 2–3. Petitioner also contends that because "an order granting deferred adjudication does not constitute a judgment," he is permitted to raise "collateral attack[s] under ineffective assistance of counsel consistent with U.S. Supreme Court precedents." *Id.* at 3.

In *Caldwell*, the Fifth Circuit stated that "[a]lthough an order of deferred adjudication is not a judgment under Texas law, it is a judgment under the relevant federal law. The Federal Rules of Civil Procedure explicitly state that they are applicable to habeas corpus proceedings." *Caldwell*, 429 F.3d at 528–29; FED. R. CIV. P. 81; ECF No. 17 at 12 (directly quoting *Caldwell*, saying that "[a]n order of deferred adjudication community supervision is a final judgment within the plain meaning of AEDPA . . . ."). Accordingly, Petitioner's argument that "an order granting deferred adjudication does not constitute a judgment" is of no merit. Further, the Supreme Court's ruling in *Burton v. Stewart* does not impact the instant case—in fact, *Caldwell* is not cited once by the Court in *Burton*. As the Magistrate correctly stated, "the one-year period for Johnson to timely file a federal habeas petition based on his deferred adjudication proceeding expired on March 11, 2020," and "[b]ecause Johnson filed his article 11.07 habeas application on March 16, 2023 (three years after the one-year period expired), he is not entitled to statutory tolling on his claims challenging his

---

[1] Petitioner lists five objections, but Objection Number One, Objection Number Four, and Objection Number Five all discuss identical points of contention. The Court will only discuss Petitioner's discrete objections.

2

deferred adjudication order." ECF No. 17 at 7–8.

Second, Petitioner argues that grounds for relief Three and Six are also not barred by the statute of limitations period. ECF No. 18 at 3–5. Petitioner asserts that "his dead-line was tolling by the pending state claims he filed in the Texas Criminal Court of Appeals" and that, "[a]t minimum," the Court should grant a certificate of appealability under the equitable tolling doctrine. *Id.* Petitioner's third objection is similarly related. Petitioner believes that he has properly made a showing of actual innocence, enough to overcome AEDPA's statute of limitations. *Id.* at 5–8. Petitioner "argues that at minimum he could lodge a mistake-of-fact defense [based on his] reasonable belief that the complainant was an adult over seventeen years of age," and that he "is entitled to a prompt Evidentiary Hearing as to whether the Affidavit of Trinity Hughes undermines his two convictions for Sexual Assault of a Child." *Id.* at 7–8.

However, the Magistrate already addressed this argument by Petitioner in the FCR. *See* ECF No. 17 at 8–16. Petitioner's "January 10, 2020, judgments adjudicating guilt became final on June 28, 2022, which is 90 days after the Texas Court of Criminal Appeals refused his [petition for discretionary review]." *Id.* at 8. Accordingly, Petitioner's one-year limitations period expired on June 28, 2023; thus, his claims are barred unless equitable tolling applies. *Id.* at 9. To be entitled to equitable tolling, Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.*; *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

Although a showing of factual—not legal—actual innocence can overcome AEDPA's statute of limitations, Petitioner "voluntarily and knowingly pleaded guilty to both offenses of conviction and signed judicial confessions" and has provided no new, reliable evidence of actual innocence. ECF No. 17 at 10–11. Ms. Hughes' Affidavit—already considered in the

3

Magistrate's FCR—"is not a sworn statement, nor does it meet the requirements for an unsworn declaration under 28 U.S.C. § 1746." *Id.* at 11. But even if the Affidavit did constitute admissible evidence, it fails to provide evidence of actual innocence. *Id.* at 11–12. *See, e.g., Jackson v. State*, 889 S.W.2d 615 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd) ("The State has long denied the defense of ignorance or mistake in relation to sexual offenses involving children").

Other grounds for equitable tolling are also unsuccessful. Although Petitioner argues that "he could not file a post-conviction remedy until he was in fact 'in custody,'" a prisoner does not need to be physically confined before he can file a habeas petition. ECF Nos. 18 at 3, 17 at 12; *See Maleng v. Cook*, 490 U.S. 488 (1989) ("Our interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus."). As a general matter, Petitioner fails to show that any extraordinary circumstances prevented him from filing his federal habeas petition. Petitioner has not met his burden to show that he is entitled to equitable tolling. Accordingly, Petitioner's claims are barred by the statute of limitations.

Considering the record in this case, Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. Section 2253(c), the Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Hernandez v. Thaler*, 630 F.3d 420, 424 (5th Cir. 2011). The Court **ADOPTS** and incorporates by reference the Magistrate Judge's FCR filed in this case in support of its finding that Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid

4

claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's Objections (ECF No. 18) and **ADOPTS** the Magistrate Judge's FCR (ECF No. 17). Thus, the Petition for a Writ of Habeas Corpus is **DISMISSED with prejudice**.

**SO ORDERED**.

May 15, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE